# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                                   Case No.    3:18-cv-1465-J-32JBT

TZADIK ACQUISITIONS, LLC,
TZADIK MANAGEMENT GROUP,
LLC, TZADIK MANAGEMENT
GROUP 2, LLC, TZADIK
PROPERTIES, LLC, JAMES
RIVER INSURANCE COMPANY,
WILLA KIMBLE, As Personal
Representative of the Estate of
Alfred Lance, III, and COMMERCE
AND INDUSTRY INSURANCE
COMPANY,

    Defendants.

---

## **O R D E R**

    This declaratory judgment action is before the Court on Defendants Tzadik Acquisitions, LLC; Tzadik Management Group, LLC; Tzadik Management Group 2, LLC; and Tzadik Properties, LLC's Motion to Stay United Specialty Insurance Company's Duty to Indemnify and Related

Deadlines. (Doc. 29). Plaintiff United Specialty Insurance Company filed a response in opposition. (Doc. 43).

On October 14, 2016, Alfred Lance, III was shot and killed while on the premises of King Trail Apartments in Jacksonville, Florida. This case arises from an insurance claim related to the subsequent wrongful death lawsuit, <u>Willa Kimble, as Personal Representative of the Estate of Alfred Lance, III, v. Tzadik Acquisitions, LLC, et al.</u>, Case No. 16-2017-CA-06741, pending in the Circuit Court for the Fourth Circuit in and for Duval County, Florida ("Underlying Action"), in which Lance's estate seeks damages for his wrongful death as a result of property owner/manager Tzadik's alleged negligence.

United Specialty issued a commercial general liability insurance policy to Tzadik Acquisitions and Tzadik Management 2 for the policy period of October 15, 2015 to October 15, 2016 with limits of $1 million per occurrence and $2 million in the aggregate ("United Specialty Policy"). (Doc. 1 ¶ 4; Doc. 1-2). However, United Specialty alleges that the Policy did not list the King Trail Apartments as an insured premises, and that Defendants failed to timely notify United Specialty of the pendency of the Underlying Action. Thus, United Specialty seeks a declaration that it does not owe a duty to defend or indemnify Defendants in the Underlying Action, and that it does not owe a duty to

indemnify Defendants for any claims that were brought, or could have been brought, in the Underlying Action.[1]

Defendants concede that United Specialty's duty to defend claims are ripe because the duty to defend is limited to a comparison of the underlying complaint and the terms of the insurance policy. (Doc. 29 at 4). However, they ask the Court to stay all determinations and deadlines regarding United Specialty's duty to indemnify, arguing that the claim is unripe given the pendency of the Underlying Action. United Specialty disagrees, contending that the Court should simply consider and resolve the duty to defend issue before considering the duty to indemnify. (Doc. 43).

The issues before the Court are well-trodden ground. Courts in the Middle District of Florida have found that "[b]ecause an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify

---

[1] Defendants have a separate commercial general liability policy with James River Insurance Company ("James River Policy") that allegedly lists King Trail Apartments as an insured premises and has a limit of $250,000. (Doc. 1 ¶ 6; Doc. 1-4). James River has been defending Defendants in the Underlying Action, the cost of which has allegedly eroded the policy limits. (Id. ¶ 7).

Defendants also maintain an excess policy with Commerce and Industry Insurance Company ("Excess Policy"), which provides coverage in excess of the limits of the United Specialty Policy and the James River Policy. (Id. ¶ 8; Doc. 1-5). CIIC maintains that the coverage provided under the Excess Policy does not attach until the limits of the United Specialty Policy and the James River Policy have exhausted.

3

is premature unless there has been a resolution of the underlying claim." Watermark Constr., L.P. v. S.-Owners Ins. Co., No. 617CV1814ORL40TBS, 2018 WL 1305913, at *5 (M.D. Fla. Mar. 13, 2018) (citations omitted). Further, the Eleventh Circuit cautions "against exercising jurisdiction over declaratory judgment actions where the 'apportionment of insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured.'" Id. (quoting Edwards v. Sharkey, 747 F.2d 684, 686 (11th Cir. 1984) (per curiam)). "Where a premature request for declaratory relief regarding the duty to indemnify is joined to a ripe request for declaratory relief regarding the duty to defend, a well-accepted practice is to retain jurisdiction over the latter request and stay, but not dismiss, the premature request." Hartford Fire Ins. Co. v. Weathertrol Maint. Corp., No. 16–24509–CIV, 2017 WL 5643298, at *5 (S.D. Fla. Feb. 21, 2017).

The Court has carefully considered the arguments in both parties' briefs and will follow the course outlined in Watermark. While, as Defendants point out, some courts examining the same issue have denied similar motions to stay, those courts still acknowledge the need to suspend consideration of whether an insurer has a duty to indemnify until the earlier of a final disposition of the underlying lawsuit or a ruling that there is no duty to defend. See, e.g., Mt. Hawley Ins. Co. v. Maitland Ctr., LLC, No. 18-CV-80452, 2018 WL 3634579, at *4 (S.D. Fla. July 30, 2018) (denying motion to dismiss or stay, but noting that

the court will not consider the duty-to-indemnify issue until the earlier of (a) final disposition of the Underlying Lawsuits or (b) a ruling on the duty to defend); Safeco Ins. Co. of Am. v. Weissman, No. CV 17-62032-CIV, 2018 WL 816827, at *2 (S.D. Fla. Feb. 9, 2018) (same). Here, staying the parties' obligations regarding United Specialty's duty to indemnify claim will not prejudice either side. There has been no final determination of Defendants' liability in the Underlying Action; therefore, United Specialty's duty to indemnify Defendants is not yet ripe for consideration, and a stay is appropriate with respect to that issue. See Atain Specialty Ins. Co. v. Sanchez, No. 8:17-CV-1600-T-23AEP, 2018 WL 1991937, at *3 (M.D. Fla. Apr. 27, 2018) (dismissing without prejudice as unripe the duty to indemnify issue, allowing case to proceed as to the duty to defend in the underlying action); Woodruff & Sons, Inc. v. Cent. Mut. Ins. Co., No. 8:12-CV-181-T-24-MAP, 2012 WL 695667, at *2 (M.D. Fla. Mar. 5, 2012) (staying duty to indemnify issue until there has been a determination that the plaintiff has no duty to defend the state court action, or the state court action has concluded, and allowing duty to defend issue to proceed).

Accordingly, it is hereby

**ORDERED:**

1. Defendants Tzadik Acquisitions, LLC; Tzadik Management Group, LLC; Tzadik Management Group 2, LLC; and Tzadik Properties, LLC's Motion

to Stay United Specialty Insurance Company's Duty to Indemnify and Related Deadlines (Doc. 29) is **GRANTED**.

2. All determinations and deadlines regarding United Specialty's duty to indemnify Defendants are **STAYED** pending the outcome of the Underlying Action.

3. The parties shall jointly notify the Court **no later than three weeks** of the resolution of the Underlying Action and its outcome, and shall propose a schedule regarding how they wish to proceed on the duty to indemnify issue, if appropriate.

4. No later than **August 30, 2019**, the parties shall jointly propose a briefing schedule and procedure regarding resolution of the duty to defend issue. The parties shall also discuss whether the Court should address United Specialty's arguments regarding Defendants' alleged failure to timely notify it of the Underlying Action, and if so, include that issue in the briefing schedule.

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of August, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

sej

Copies:

Counsel of record